Peelle, J.,
delivered the opinion of the court:
The question is, Was the capture of the schooner Sally-illegal % The defendants contend, first, that the authority of the French Government to make the capture is not shown; and, second, that the neutrality of the cargo does not appear.
In reply to that the claimants contend, first, that inasmuch as the laws of the United States (1 Stat. L., 61, 287, 489, 698) required merchant vessels to carry a register, a crew list, a clearance, and a passport, the presumption is that the laws were complied with and that all such papers were on board at the time of the capture; and, second, that under the decree promulgated by Desfourneaux, March 14, 1799, recited in Lacours’s History of Guadeloupe, volume 3, page 14, authorizing the captains and officers commanding vessels of the French Republic “to pursue all American vessels, as well those of the Government as those of the merchant marine, and seize and capture them without exception or distinction, and conduct them into the ports of Guadeloupe or its dependencies,” no matter what papers were on board, the vessel certainly would have been condemned.
Whether the capturing vessel was authorized by the French Government to make the capture is questionable, since neither the name of the vessel nor her captain is given. But assuming that the vessel was authorized by the French Government to make the capture, no recovery can be maintained in this case, because it does not appear what papers were on board the schooner at the time of her capture, and hence the neutrality of the cargo is not shown. The court can not presume that the ship’s papers were such as to show the neutrality of the cargo, and thereby justify" her release.
*545 Such presumption would not onty obviate the necessity of the claimant proving the illegality of the capture, but would at the same time defeat the right of the United States to assert the defense thejr do to justify the capture.
In the case of the schooner Nancy, William Ward, master (37 C. Cls. R., 401), being a casé to recover- salvage for a recapture by a British vessel from a French privateer, the court said: “At the time of the capture, under and by virtue of international law, the privateers of France had the undoubted’and undisputed right to search and, if necessary, to seize American vessels. The right of search is preliminary to the right of seizure, and the right of seizure depends upon the result of the exercise of the right of search. Search and seizure are not necessarily illegal, .because in time of war the belligerents, founded upon the condition of war, have the right to the exercise of both. Upon the seizure of a vessel-, although neutral, all presumptions "are in favor of the seizing vessel and the onus is thrown upon the seized vessel, and therefore when a seizure is made .the presumption of law is that it was properly made. If, upoii the seizure, all presumptions are in favor of the seizing vessel, there is nothing in this case to indicate that the French vessel, in making a search and consequent seizure, acted illegally, so far as the mere seizure is concerned.”
What is there said is applicable to the case at bar, i. e., the presumptions are in favor of the seizing vessel.
Nor will it do to hold that by reason of the decree of Des-fourneaux of March 14,1799, the vessel would have been condemned regardless of the papers she had on board, for, if we were so to assume, still the question -would remain that for want of proper papers she might have been legally condemned.
For the reason stated no allowance can be made in favor of the claimants, and this opinion, together with the findings, will be certified to Congress accordingly,